UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE K COLLOVA, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br> HV GLOBAL MANAGEMENT CORPORATION, <br><br>　　　　　Defendant. | Case No. 26-cv-04216-NC <br><br> **ORDER TO SHOW CAUSE RE: NOTICE OF REMOVAL** <br><br> Re: ECF 1 |

On May 7, 2026, Defendant HV Global Management Corporation removed this case to this Court from Monterey County Superior Court. ECF 1, Notice of Removal. The Notice asserts that federal jurisdiction is satisfied by diversity jurisdiction and that the procedural requirements of removal are all fulfilled. ECF 1. The Court requests additional information from Defendant in support of its removal to federal court.

As a starting point, the general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *California ex rel. Lockyer v. Dynegy, Inc.*,

375 F.3d 831, 838 (9th Cir. 2004).  The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." *Geographic Expeditions*, 599 F.3d at 1107 (citation omitted).

One of the procedural requirements of the removal statutes is that the notice of removal "shall be filed within 30 days" after the receipt by the defendant of a copy of the initial pleading, or if the case stated by the initial pleading is not removable, then within 30 days after receipt of an amended pleading from which it may "first be ascertained" that the case is or has become removable.  28 U.S.C. § 1446(b)(2), (3).

Here, Defendant removed to this Court pursuant to diversity jurisdiction, which requires complete diversity and an amount in controversy over $75,000.  ECF 1 at 2; 28 U.S.C. § 1332.  Defendant does not address whether the initial pleading was removable. Defendant does assert, however, that (1) the "amount in controversy is not readily apparent from the face of Plaintiffs' First Amended Complaint," and (2) "Plaintiffs admitted in their respective responses to Defendant's Request for Admissions and Request for Statement of Damages that the amount in controversy for their claims exceed Seventy-Five Thousand Dollars ($75,000.00)."  ECF 1 at 4, 8; ECF 3 (Reckon Decl.) ¶¶ 5–6, Exs. 3–4.  Defendant also cites to the first amended complaint, filed on January 30, 2026, to assert that Plaintiffs are "citizen[s] of the State of Arizona," and uses Plaintiffs' discovery responses filed on April 7, 2026, to "confirm their domicile."  ECF 1 at 6.  Ultimately, Defendant argues that removal was timely because "it is filed within thirty (30) days of service of Plaintiffs' Responses to Defendant's Request for Admissions," which were served on April 7, 2026. ECF 1 at 4, 7; ECF 3 (Reckon Decl.) ¶¶ 5–6, Exs. 3–4.

Defendant is ORDERED to show cause in writing by May 19, 2026, as to why it could not "first be ascertained" that the case was removable when it was served with Plaintiffs' responses to Defendant's Request for Statement of Damages on March 24, 2026.  In other words, explain how the removal was timely.  Defendant may also address whether this defect is jurisdictional or procedural.  Although the burden is on the removing party, Plaintiffs may file a response by May 26, 2026.

If removal was improper and procedural defects are not waived, the remedy is remand back to state court.  28 U.S.C. § 1447(c).  A remand order may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: May 12, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California