UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAXINE COLLOVA and CHERYL SAUL,

Plaintiffs,

v.

HV GLOBAL MANAGEMENT
CORPORATION,

Defendant.

Case No. 26-cv-04216-NC

**ORDER GRANTING
PLAINTIFFS' MOTION TO
REMAND UNDER 28 U.S.C. §
1447(C)**

Re: ECF 15

Defendant HV Global Management removed this case to this Court from the California Superior Court, Monterey County. ECF 1. Plaintiffs Maxine Collova and Cheryl Saul then moved to remand this case to state court. ECF 15. Defendant HV Global Management opposed Plaintiffs' Motion to Remand. ECF 17. The issue is whether the removal was timely. The Court GRANTS Plaintiffs' Motion to Remand because the Court is not persuaded that the Notice of Removal was timely filed. ECF 1; ECF 15.

**I.    PROCEDURAL BACKGROUND**

Plaintiffs Collova and Saul filed a Complaint against Defendants Marriott Vacations Worldwide Corporation, HV Global Management, and Does 1–100 on June 2, 2025, in the California Superior Court, Monterey County. ECF 1, Exh. A. Plaintiffs served the Complaint to HV Global Management on October 16, 2025. ECF 1, Exh. D. Plaintiffs amended the Complaint and served HV Global Management the First Amended Complaint

Case 5:26-cv-04216-NC   Document 19   Filed 06/24/26   Page 2 of 8

on February 3, 2026.  ECF 12, Lucia Decl. ¶ 13.  Plaintiffs later dismissed Marriott Vacations Worldwide, leaving HV Global Management as the sole defendant.  ECF 1, Exh. K ¶ 5.  Plaintiffs then submitted discovery responses to HV Global Management's (Defendant) Request for Statement of Damages on March 24, 2026, and to Defendant's Request for Admission on April 7, 2026.  ECF 9 at 3.

Prior to being served with Plaintiffs' Complaint, Defendant's Insurance Claims Specialist wrote in email to Plaintiffs' counsel on August 4, 2025, that if Plaintiffs assert an amount in controversy over $75,000, the case will be removed to federal court pursuant to diversity jurisdiction based on Plaintiffs' Arizona residence.  ECF 12, Exh. 4.

On May 7, 2026, Defendant removed the case to federal court pursuant to diversity jurisdiction.  ECF 1.  On May 12, 2026, this Court issued an Order to Show Cause (OSC), ordering Defendant to explain why the removal was timely, specifically why it could not "first be ascertained" that the case was removable when Defendant was served with Plaintiffs' responses to Defendant's Request for Statement of Damages on March 24, 2026.  ECF 8 at 2.  Plaintiffs were also given the opportunity to respond.  *Id.*  Defendant timely filed an OSC response on May 19, 2026.  ECF 9.  Plaintiffs also timely filed an OSC response on May 26, 2026.  ECF 12.  On June 3, 2026, Plaintiffs filed a Motion to Remand.  ECF 15.  On June 17, 2026, Defendant filed an opposition to Plaintiffs' Motion to Remand.  ECF 17.  On June 24, 2026, Plaintiffs filed a reply to Defendant's opposition.  ECF 18.

All parties have consented to U.S. magistrate judge jurisdiction under 28 U.S.C. § 636(c).  ECF 11; ECF 13.

## II.  LEGAL STANDARD

### A.  Removal

An action is removable to a federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

2

United States District Court
Northern District of California

Removal can be based on diversity jurisdiction where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading," or if the case stated by the initial pleading is not removable, then "within 30 days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(2), (3).

### B. Remand

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Removal statutes are "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). This strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

### III.  ANALYSIS

Plaintiffs move to remand because they argue Defendant failed to file its Notice of Removal "within 30 days" of, when Defendant could have first ascertained removability under diversity jurisdiction, which Plaintiffs allege occurred upon receipt of the Statement of Damages on March 24, 2026.[1] ECF 15 at 2–3. Defendant argues that it could not have ascertained removability until it received Plaintiffs' April 7, 2026, discovery responses, and thus, its May 7, 2026, removal was timely. ECF 17 at 2. The Court assesses when Defendant could have first ascertained an amount in controversy exceeding $75,000 and

---

[1] The parties do not dispute, and the Court agrees, that diversity jurisdiction exists. ECF 1 at 2 (Defendant alleging complete diversity and that the amount in controversy exceeds $75,000); ECF 12 at 4–6 (Plaintiffs not disputing complete diversity or the amount in controversy); 28 U.S.C. § 1332(a)(1). The sole issue is whether Defendant's removal was timely.

complete diversity, and finds that Defendant failed to prove that the Notice of Removal was timely filed.

### A. Amount in Controversy

Plaintiffs assert that the amount in controversy exceeding $75,000 is apparent from the First Amended Complaint served to Defendant on February 3, 2026. ECF 12 at 4, Lucia Decl. ¶ 13. Plaintiffs also allege that Defendant was aware of the damages upon receipt of the Statement of Damages on March 24, 2026. ECF 12 at 4–5. Defendant agrees that the Statement of Damages from March 24, 2026, put it on notice of the amount in controversy. ECF 9 at 7.

The Court agrees with Plaintiffs that the amount in controversy was established "no later than when Plaintiffs' Statement of Damages were served on March 24, 2026." ECF 12 at 5. As such, setting aside the issue of diversity, Defendant was required to file its Notice of Removal within 30 days of March 24, 2026, which was April 23, 2026. 28 U.S.C. § 1446(b)(2), (3).

### B. Complete Diversity

There is no dispute that Defendant is domiciled in Delaware, and Defendant was put on notice of this by the Complaint served to Defendant on October 16, 2025. ECF 1 at 6, Exh. A at 2, Exh. D. Although the parties agree that Plaintiffs are domiciled in Arizona, they disagree over the date Defendant could have first ascertained Plaintiffs' domiciles to establish complete diversity. ECF 9 at 5–7; ECF 12 at 5–6.

Plaintiffs argue that Defendant was able to ascertain Plaintiffs' domiciles by October 16, 2025, when it was served with Plaintiffs' Complaint, but Defendant counters that Plaintiffs' Complaint was not enough to ascertain their domiciles because it only alleges residence and not "domicile, citizenship, or intent to remain in Arizona." ECF 9 at 2; ECF 12 at 5–6. Defendant argues instead that Plaintiffs' discovery responses on April 7, 2026, "were the first papers that supplied a record to confirm Plaintiffs' Arizona domicile," and therefore, Defendant's May 7, 2026, Notice of Removal was timely. ECF 9 at 6–7.

The Ninth Circuit has determined that citizenship of a natural person depends on domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, the Ninth Circuit also explicitly disagreed that "evidence of residency can never establish citizenship." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). It found that "district courts are permitted to make reasonable inferences from facts in evidence" based on "'the entire record' to determine whether evidence of residency can properly establish citizenship." *Id.* It also held that "determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, . . . location of spouse and family." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). The Court therefore considers the entire record and makes reasonable inferences to determine whether allegations of Plaintiffs' residence in the Complaint and First Amended Complaint were enough to make removability "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

The Court finds that Defendant could have ascertained complete diversity when it was served with the Complaint and the First Amended Complaint, on October 16, 2025, and on February 3, 2026, respectively. Plaintiffs' Complaint and First Amended Complaint do not merely allege that Plaintiffs currently reside in Arizona, but also that they have been residing in Arizona since and when the incident occurred on June 3, 2023. ECF 1, Exh. A at 2–3, Exh. E at 2. The Ninth Circuit has "widely accepted" that "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." S*ee Mondragon*, 736 F.3d at 885. Indeed, even Defendant cited to Plaintiffs' First Amended Complaint as proof that Plaintiffs are "resident[s] and citizen[s] of . . . Arizona" in its Notice of Removal. ECF 1 at 6. Thus, Defendant did not have to look beyond the Complaint and First Amended Complaint to determine Plaintiffs' citizenship.

Defendant also fails to explain to the Court why it needed additional information from Plaintiffs' April 7 responses to establish Plaintiffs' citizenship. Plaintiffs already

5

identified that they were Arizona residents since at least June 2023 in their Complaint and First Amended Complaint. ECF 1, Exh. A at 2, Exh. E at 2. Plaintiffs' April 7 responses merely "confirm[ed]," as Defendant acknowledges, that Plaintiffs' residence has remained the same "for the past five years, from July 2005 to the present." ECF 1 at 6 (Defendant alleging that "Plaintiffs discovery responses confirm their domicile"); ECF 9 at 3. As such, Plaintiffs' April 7 responses, like the Complaint and First Amended Complaint, did not explicitly allege that "either Plaintiff is domiciled in Arizona, intends to remain in Arizona, or is a citizen of Arizona." ECF 17 at 3. And like the March 24 Statement of Damages, the April 7 responses also "did not mention domicile, citizenship, intent to remain, voter registration, tax residence, driver's licenses, property ownership, location of personal and professional activities, or any domicile-related fact." *Id.* Defendant has not explained to the Court how simply alleging additional past residence in Plaintiffs' April 7 responses "materially changed the jurisdictional record" for Plaintiffs' domiciles such that it previously could not ascertain diversity jurisdiction. ECF 9 at 6.

This is especially so because Plaintiffs allege, and Defendant does not dispute, that Plaintiffs never asserted any other residence, address, or inference that their home is not in Arizona, or that they do not intend to remain in Arizona at any time during their ongoing three-year communications with Defendant from 2023 to present. ECF 12 at 1, 6. For example, Plaintiffs used the same location address in their medical records and timeshare purchase agreement, both of which Defendant already had possession of prior to 2026. ECF 12 at 6. Plaintiffs also did not object when Defendant's Insurance Claims Specialist emailed Plaintiffs' counsel on August 4, 2025, that "plaintiffs are Arizona residents," and implied their Arizona citizenship by threatening removal upon an amount of controversy over $75,000. ECF 12, Exh. 4. While "a mailing address, a residence allegation, and a settlement communication do not establish domicile as a matter of law," the Court examines them as part of the record to help determine whether evidence of residence can properly establish citizenship. ECF 17 at 2. In light of the entire record, it is reasonable to

infer that complete diversity was first ascertainable by October 16, 2025, and at least before Defendant received Plaintiffs' April 7 responses.

In conclusion, an examination of the entire record with reasonable inferences shows that removability was "'unequivocally clear and certain'" by March 24, 2026, when it could be "first ascertained" by Defendant that: (1) the amount in controversy exceeds $75,000 based on Plaintiffs' Statement of Damages dated March 24, 2026, and (2) the parties were completely diverse based on the entire record, specifically from the Complaint and the First Amended Complaint, which Defendant was served on October 16, 2025, and on February 3, 2026, respectively.  ECF 1, Exh. A, Exh. D, Exh. E; ECF 9 at 7; ECF 12 at 4, 6, Lucia Decl. ¶ 13; *Dietrich*, 14 F.4th at 1091.  As such, March 24, 2026, triggered the 30-day removal clock, and Defendant should have filed the Notice of Removal by April 23, 2026.  28 U.S.C. § 1446(b)(2), (3).  Defendant has not overcome the strong presumption against removal jurisdiction to prove that its Notice of Removal, filed May 7, 2026, was timely.  ECF 1; *Gaus*, 980 F.2d at 566.

**C. The Removal Timing Defect Is Procedural and Warrants Remand Because It Was Not Waived**

The untimeliness of the Notice of Removal constitutes a procedural defect.  *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992).

"Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand."  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).  A motion to remand based on a procedural defect must be made within 30 days after the notice of removal was filed.  28 U.S.C. § 1447(c).

Here, the Notice of Removal was filed on May 7, 2026.  ECF 1.  On June 3, 2026, Plaintiffs timely filed a Motion to Remand based on the procedural removal timing defect.  ECF 15.  Thus, Plaintiffs did not waive Defendant's procedural removal timing defect, and the Court has the authority to remand.  *Smith*, 761 F.3d at 1044 ("[T]he court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to

United States District Court
Northern District of California

remand."). The Court therefore grants Plaintiffs' Motion to Remand based on untimely removal.

## IV.   CONCLUSION

The Court GRANTS Plaintiffs' Motion to Remand.  28 U.S.C. § 1447(c).

This action is ordered and remanded to the California Superior Court, Monterey County.

This order is not reviewable on appeal.  28 U.S.C. § 1447(d).

The Clerk of Court shall mail a certified copy of this Order of Remand to the Clerk of the California Superior Court, Monterey County.  28 U.S.C. § 1447(c).

The motion hearing scheduled for August 5, 2026, is vacated and the federal action is closed.

**IT IS SO ORDERED.**

Dated:  June 24, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California